IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**THOMAS H. PORTER,**

        Plaintiff,

    v.                        CASE NO.  77-3045-SAC

**HONORABLE BILL GRAVES,**
**et al.,**

        Defendants.

### MEMORANDUM AND ORDER

This long-running case regarding conditions in the Kansas prison system was closed on October 22, 1996. On April 17, 2014, Kenneth Leek, at that time an inmate at the Lansing Correctional Facility, filed a motion to enforce a consent decree. The court denied the motion in orders issued by United States District Judge Richard D. Rogers. The orders stated that Mr. Leek had not alleged conditions which the closing order stipulated were necessary to petition to reopen the case. Relief was also denied because Leek's motion, treated as a motion to intervene, was untimely. The Tenth Circuit affirmed this result on both grounds. Porter v. Graves, 597 Fed.Appx. 964 (10th Cir. 2014).

This case is now before the court upon the motions to enforce consent decree filed by Gustin C. Brownlee, Sylk White,

1

Code Laster, Jesse A. Brown III, Marcus B. Washington, Michia Andrew Gunn, Shawn D. Smith, Anthony L. Jefferson, Christopher M. Lowrance, Marion Allen, Calvin Bradshaw, Denzel Cooper, David Crothers, Elvis Johnson, Larry D. Norwood, Yusef A. Samad, Henry D. Sullivan, Codie S. Warmbrodt, Kendrick Benford, Logan S. Cacek, Juan Carpio, Colin Johansen, Jesse Plaster, Adam Roth, Lukas Schlax, Kodi L. Taylor, James Crawford, Sterling Hall, LaFayette Washington, and Kyle W. Hollingsworth.  Doc. Nos. 658, 660-662, 664-668, 670, 672-691.  The court shall refer to these persons as "movants."

Each motion is the same.  Although each motion is labeled a motion to enforce a consent decree, the motions do not appear to ask for the enforcement of a _specific_ order or "consent decree" as much as parts of different orders entered during the course of the litigation.[1]  Nevertheless, for convenience in this order the court may refer to the motions as seeking enforcement of a consent decree.  The court may also refer to the motions as motions to intervene because, as mentioned before, that is how the court treated Mr. Leek's motion to enforce the consent decree and the Tenth Circuit affirmed this approach.

The motions to enforce the consent decree go into somewhat more detail than did Mr. Leek's motion as to problems with the living conditions at LCF.  And, contrary to Mr. Leek's motion,

---

[1] The original consent decree in this case was entered on May 2, 1980.

2

the motions before the court allege that the population at LCF exceeds the operating capacity and that the conditions at LCF violate American Correctional Association standards. See Doc. No. 658, pp. 5, 13 and 20. The order closing this case indicated that these conditions were necessary to petition to reopen the case. That order, however, did not state that the case would be reopened whenever these conditions were alleged, even 19 years after the case was closed.

The memorandum filed by some of the movants disagrees with the Tenth Circuit's opinion affirming the denial of Mr. Leek's motion and states that their motions are more fact specific. But, the movants do not offer convincing reasons to reach a different result.

Movants assert that the court has jurisdiction to enforce the consent decree and that they have standing to seek enforcement of the consent decree. The court does not disagree. But, that does not mean that movants must be granted leave to intervene in this matter if the court considers the motion untimely. Cf., Arney v. Finney, 967 F.2d 418, 421 (10th Cir. 1992)(affirming denial of a class member's motion to intervene on grounds other than jurisdiction and standing). Movants assert that in reviewing the denial of Mr. Leek's motion, the Tenth Circuit improperly applied an abuse of discretion standard. The court disagrees. A similar, but possibly

stricter standard, was applied in Arney, where the court stated that it would not reverse the denial of intervention "except upon a 'showing of clear abuse.'" Id., quoting, United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990).

Movants argue, without citation to authority, that the court should not consider the legal changes imposed under the Prison Litigation Reform Act or the changes in the factual circumstances over 19 years in deciding whether to allow intervention, unless defendants make application under the PLRA to terminate the prospective relief in this case. The court disagrees. Defendants are obviously entitled to oppose the motion to intervene and they have raised these issues in their opposition to intervention. There is good reason for the court to consider these matters in determining whether unusual circumstances or prejudice to the parties should influence the court to deny a motion to intervene as untimely.

Finally, movants make reference to Frew v. Hawkins, 540 U.S. 431 (2004) and Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992). Each case is distinguishable from this case. In Frew, a motion to enforce a consent decree was filed two years after the consent decree was entered. The State defendants opposed the motion to enforce on Eleventh Amendment grounds. The Supreme Court rejected the Eleventh Amendment argument, but mentioned that, under FED.R.CIV.P. 60(b)(5),

4

equitable modifications to a consent decree can be considered. In Rufo, the Court discussed the considerations under FED.R.CIV.P. 60(b)(5) for making equitable modifications to a consent decree directing the construction of a jail facility. Neither case involved a motion to intervene in a closed case for the purpose of enforcing orders or consent decrees which were issued 19 to 36 years previously.

Movants' motions to enforce consent decree are even less timely than Mr. Leek's motion. Therefore, the motions, treated as motions to intervene, shall be denied.

**IT IS SO ORDERED.**

Dated this 5th day of November, 2015, at Topeka, Kansas.


s/Sam A. Crow                          
Sam A. Crow, U.S. District Senior Judge