IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


THOMAS H. PORTER, et al.,

              Plaintiffs,

         v.                              CASE NO.  77-3045-SAC

HONORABLE BILL GRAVES,
et al.,

              Defendants.


                         **O R D E R**

    This case is before the court upon the motion and amended motion of Artis Swafford for appointment of new counsel to represent the class of plaintiffs in the above-captioned case and the motions of Reginald D. Stewart, D'Andre Williams and Daniel P. Parker for the same relief.  Doc. Nos. 713, 714, 715, 716 and 717.  This class action challenged the conditions of confinement in the Kansas prison system.  The case was closed upon the agreement of the parties on October 22, 1996.

    The movants are not listed as class representatives and it appears from KDOC records that Mr. Williams and Mr. Parker were not class members at the time the case was closed.  But, assuming that they may request new counsel on behalf of the class, their motions shall be denied for the reasons explained below.

    The movants contend that conditions in some facilities in the Kansas prison system are so deficient that it surpasses the agreed

                                1

requirements for reopening the case when it was closed. That agreement was more than 23 years ago. Since then, efforts to intervene and reopen the case have been rejected in part because of: the time which has passed since the case was closed; the enactment of the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626; the changes which have occurred in the administration and operation of the Kansas prison system; and the opportunity to raise a claim of unconstitutional conditions of confinement in new litigation. See Porter v. Graves, 597 Fed.Appx. 964 (10th Cir. 2014); see also Doc. Nos. 704, 694 and 643.

Movants contend that counsel of record have engaged in professional malpractice and misconduct because they have discouraged efforts to reopen the case. The court disagrees. The PLRA provides at § 3626(b)(2) that "a defendant [in a prison conditions action] . . . shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." These findings were not made as part of the consent decrees in this case or any order approving or amending the consent decrees. Therefore, if the case were reopened, defendants would be entitled

2

to immediately terminate the prison conditions provisions of the consent decrees.

Under the circumstances, it is reasonable for counsel to advise against attempting to reopen this case for the purpose of enforcing the consent decree conditions. In determining whether to appoint counsel, a district court should consider "'the merits of the litigant's claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" Skinner v. Uphoff, 175 Fed.Appx. 255, 260-61 (10th Cir. 2006)(quoting Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991)). The "merits" of the movants' claims do not appear to warrant the appointment of new counsel. For this and the other reasons relied upon previously in orders which rejected the reopening of this case, the court shall deny the motions and amended motion for new counsel. Doc. Nos. 713, 714, 715, 716 and 717.

**IT IS SO ORDERED.**

Dated this 13th day of December, 2019, at Topeka, Kansas.

s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge