IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS H. PORTER, et al.,

        Plaintiffs,

    v.                        CASE NO. 77-3045-SAC

HONORABLE BILL GRAVES,
et al.,

        Defendants.

**O R D E R**

This case is before the court upon motions and an amended motion to reconsider the court's order denying movants' motions for appointment of new counsel to represent the class of plaintiffs in the above-captioned case. Doc. Nos. 719, 720, 721 and 722. The court views the order denying the motions for appointment of new counsel as a nondispositive order. Under D.Kan.R. 7.3(b), a motion to reconsider a nondispositive order must be based on: 1) an intervening change in controlling law; 2) the availability of new evidence or 3) the need to correct clear error or prevent manifest injustice. Movants appear to argue that reconsideration is justified by the need to correct clear error.

The court denied the motions for appointment of new counsel because more than 23 years have passed since this case was closed; the provisions of the Prison Litigation Reform Act (PLRA) do not favor reopening the case; there have been changes over time in the

1

administration and operation of the Kansas prison system; and the litigants have the opportunity to raise a claim of unconstitutional conditions of confinement in new litigation. Under these circumstances, the court felt it was fair and reasonable to reject the movants' attack on counsel who have represented plaintiffs in this case, and reasonable to deny appointment of new counsel for the purpose of considering the reopening of this case.

The motions and amended motion to reconsider make the following arguments. First, movants contend that the PLRA provisions should not be considered an obstacle to reopening this case. The court disagrees. The orders granting relief in this case did not contain findings that the relief was narrowly drawn, extended no further than necessary to correct the violation of the Federal right, and was the least intrusive means necessary to correct the violation of the Federal right. Therefore, a defendant would be entitled "to the immediate termination" of the prospective relief ordered more than 20 years ago if this case was reopened. 18 U.S.C. § 3626(b)(2). Movants argue that the PLRA also provides that prospective relief shall not terminate if the court makes written findings based on the record that the prospective relief remained necessary "to correct a current and ongoing violation of the Federal rights, extends no further than necessary to correct the violation of the Federal right and that the prospective relief is narrowly drawn and the least intrusive means to correct the

2

violation." 18 U.S.C. § 3626(b)(3). It is not unreasonable to find that a court would be unlikely to hold that standards and population limits agreed upon 23 years or more in the past meet the conditions set forth in § 3626(b)(3) when applied to current circumstances. We note as well that ACA accreditation, which was part of the agreed conditions, is not a necessary standard for constitutional conditions of confinement, although it may be a relevant consideration. See Bell v. Wolfish, 441 U.S. 520, 543 n.27 (1979)(ACA standards "simply do not establish the constitutional minima"); Thompson v. Lengerich, 2019 WL 7163374 *5 (10th Cir. 12/23/2019); Gates v. Cook, 376 F.3d 323, 337 (5th Cir. 2004).

Movants also argue that it may be implied that the court made the findings detailed in § 3626(b)(2) when the court closed this case. The movants do not support this argument with facts that would purportedly show that the findings were made. In one of the cases movants cite to support their argument, Clark v. California, 739 F.Supp.2d 1168, 1228-29 (N.D.Cal. 2010), the parties agreed that the settlement agreement and order met the PLRA standards at the time it was entered. In contrast, here the parties declined to address the PLRA standards, but reserved the right to do so later. Doc. No. 625, pp. 1-2. The court finds that movants' argument is unreasonable, unsupported in the record, and asks the court to read findings into an order which simply are not there.

3

Finally, in an amended motion for reconsideration, the argument is made that the case was never closed because the closing orders, lacking the findings detailed in § 3626(b)(2), are somehow void. The court rejects the voidness argument. A judgment is void if it is rendered without jurisdiction or contrary to due process of law; not if the court's order violates an applicable statute. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010)(court's error in discharging student loan debt without first finding undue hardship is not jurisdictional as would have rendered judgment void); U.S. v. Philip Morris USA, Inc., 840 F.3d 844, 851 (D.C.Cir. 2016)(order exceeding remedial authority is not void under Fed.R.Civ.P. 60(b)(4)); U.S. v. Boch Oldsmobile, Inc., 909 F.2d 657, 662 (1st Cir. 1990)("Consent decrees that run afoul of the applicable statutes lead to an erroneous judgment, not to a void one.").

This case had been pending almost 20 years when the parties reached a negotiated conclusion to the case. About the time of those negotiations, the PLRA came into effect and limited the power of federal courts to enter orders of prospective relief in prison conditions cases and to maintain judicial supervision of prisons for years at a time. The parties in this case explicitly agreed to reserve their rights under the PLRA but not to expend "the resources of the Court and the parties relative to seeking relief

pursuant to the Act," prior to presenting the court with a final order to close the case. Doc. No. 625, p. 2.

Another twenty years or more have passed since this case was closed. It would be unreasonable to reopen the case to consider the application of the PLRA (and reinstatement of injunctive relief) when the parties agreed to bypass the PLRA issue in 1996 and when the law indicates that the injunctive relief which had been granted could be terminated immediately on PLRA grounds and probably equitable grounds. For these reasons, the motions and amended motion for reconsideration have failed to demonstrate that the court's order denying appointment of new counsel was made in clear error or otherwise justifies reconsideration. Therefore, the motions (Doc. Nos. 719, 720, 721 and 722) shall be denied.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2020, at Topeka, Kansas.


s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge